UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MICHAEL T. DOLAN,

                 Plaintiff,                **MEMORANDUM AND ORDER**

  -v.-                                          03-CV-3285 (DRH)(AKT)

FAIRBANKS CAPITAL CORP., a Utah
corporation, PMI MORTGAGE INSURANCE
COMPANY, WALNUT CREEK, CA,

                 Defendants.
_____

**Appearances:**

**For the Plaintiff:**
**MICHAEL T. DOLAN, PRO SE**
21 Kent Place
Smithtown, NY 11787

**For the Defendant Fairbanks Capital Corp:**
**Ted E. May, Esq.**
Sheldon May & Associates, P.C.
255 Merrick Road
Rockville Ventre, New York 11570

**For the Defendant PMI Mortgage Insurance Company:**
**Joshua R. Schwartz, Esq.**
O'Melveny & Myers LLP
Times Square Towers
7 Times Square
New York, New York 10036

**HURLEY, Sr. District Judge:**

        Presently before the Court is the motion by defendant Fairbanks Capital Corporation ("FCC") to dismiss the Third Amended Complaint of pro se plaintiff Michael T. Dolan ("Plaintiff") and to strike portions of the pleading as irrelevant and prejudicial. On December 4, 2007, the Court referred FCC's motion to Magistrate Judge A. Kathleen Tomlinson for a Report and Recommendation. On September 8, 2008, Judge Tomlinson issued a Report

and Recommendation (the "Report") that FCC's motion to dismiss be denied and that specified allegations in the Third Amended Complaint be struck. Plaintiff has filed objections to that part of the Report that recommends that his allegations be struck.[1] For the reasons stated below, the Court adopts the Report in its entirety.

*DISCUSSION*

**I.** *Standard of Review*

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court applies de novo review to those portions of the Report to which objections were raised. *See id.* The Court reviews those portions to which no objections have been filed for clear error. *See, e.g.*, *Kenneth Jay Lane, Inc. v. Heavenly, Apparel Inc.*, No. 03 CV 2132, 2006 WL 728407, at *1 (S.D.N.Y. Mar. 21, 2006); Fed. R. Civ. P. 72(b) advisory committee's note.

**II.** *The Report is Adopted*

**A.** *FCC's Motion to Dismiss is Denied*

Judge Tomlinson recommended that FCC's motion to dismiss be denied. No

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rules of Civil Procedure 6(d) and 5(b)(2)(C), the parties had ten days from service to file objections, plus three days for mail. Here, FCC served Plaintiff with a copy of the Report by Federal Express. Assuming Federal Express constitutes "mail" under Rule 5(b)(2)(C), Plaintiff's objections are timely. Even if they are not, the Court considers them anyway, given Plaintiff's pro se status. In any event, as explained *infra* in the text, Plaintiff's objections are denied.

party has objected. This Court has reviewed the Report for clear error, and finding none, now concurs in both its reasoning and result. Accordingly, the Court adopts Judge Tomlinson's recommendation in its entirety and FCC's motion is denied.

### B. *FCC's Motion to Strike is Granted in Part*

FCC moved to strike portions of the Third Amended Complaint as irrelevant to Plaintiff's claims and highly prejudicial. Judge Tomlinson recommended that FCC's application be granted in part. Plaintiff objects, arguing that these allegations relate to the process used in the racketeering schemes and are not irrelevant or prejudicial. Upon de novo review, the Court agrees with Judge Tomlinson and Plaintiff's objections are denied.

Federal Rule of Civil Procedure 12(f) provides that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Typically, to prevail on a Rule 12(f) motion, the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Dent v. U.S. Tennis Ass'n, Inc.*, No. CV-08-1533, at *1 (E.D.N.Y. June 17, 2008) (citations and internal quotation marks omitted).

Here, the allegations that Judge Tomlinson recommended striking have nothing to do with Plaintiff or his dealings with FCC. Although the Court recognizes that pro se pleadings are to be construed liberally, the Court concludes that these allegations should be struck pursuant to Rule 12(f) as wholly immaterial and prejudicial to FCC. S*ee Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the

defendant, to strike any portions that are redundant or immaterial.").

## *CONCLUSION*

The Court adopts Magistrate Judge Tomlinson's September 8, 2008 Report and Recommendation (docket no. 186) in its entirety. Accordingly, FCC's motion to dismiss the Third Amended Complaint (docket no. 104) is denied.[2] FCC's motion to strike is granted in part and denied in part. The following allegations are struck from Plaintiff's Third Amended Complaint: (1) all but the first sentence of paragraph 30; (2) paragraphs 31, 32, 36, and 37; and (3) all but the first sentence of paragraph 41.

**SO ORDERED.**

Dated: Central Islip, N.Y.
September 30, 2008

/s
Denis R. Hurley,
United States District Judge

---

[2] As noted by Judge Tomlinson, although Plaintiff's Third Amended Complaint does not specifically re-allege the causes of action found by this Court to be adequately pled in his Second Amended Complaint, because the Court granted Plaintiff leave to submit a Third Amended Complaint for the limited purpose of curing the defects in his pleading, Plaintiff likely understood that the Third Amended Complaint was to address only those issues. Accordingly, the Court finds that the surviving allegations of the Second Amended Complaint shall be read together with the Third Amended Complaint and shall not be considered abandoned.