UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL T. DOLAN,

                      Plaintiff,

        -against-

FAIRBANKS CAPITAL CORPORATION, a Utah Corporation, PMI MORTGAGE INSURANCE COMPANY, Walnut Creek, Ca.,

                      Defendants.

CV 03-3285 (DRH) (AKT)

---

## RESPONSE IN OPPOSITION TO
## "PLAINTIFF'S MOTION/AFFIDAVIT IS MADE IN FURTHER SUPPORT OF THE ANSWER IN OPPOSITION TO DEFENDANT'S SUMMARY JUDGEMENTS"

---

Riyaz G. Bhimani
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 1061
White Plains, New York 10606
(914) 949-2909

Dorothy A. Davis
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA  15219
(412) 566-6000
E-mail: ddavis@eckertseamans.com

*Attorneys for Select Portfolio Servicing, Inc., formerly known as Fairbanks Capital Corporation*

{V0078866.1}

## INTRODUCTION

Select Portfolio Servicing, Inc. ("SPS") respectfully submits this response to Plaintiff's filing titled "Plaintiff's Motion/Affidavit is Made in Further Support of The Answer in Opposition to Defendant's Summary Judgements [sic]" (Doc. 352) ("Motion"), purportedly filed by Plaintiff in further support of his opposition to SPS's motion for summary judgment (Doc. 347). The Motion includes the July 6, 2012 Decision After Trial ("Decision") of the New York State Supreme Court, County of Suffolk, in *TMS Mortgage, Inc. v. Dolan,* Index No. 26575/2001 (the "Foreclosure Case"), a foreclosure action by the current holder of Plaintiff's mortgage. SPS respectfully submits the Decision in the Foreclosure Case has no evidentiary value or preclusive effect to any of the claims or defenses raised in this litigation and should not be considered by the Court in determining SPS's summary judgment motion.

## BACKGROUND

Previously, in opposition to SPS's Motion for Summary Judgment, Plaintiff argued that interim orders in the aforementioned Foreclosure Case conclusively established evidentiary facts in support of all of his claims or otherwise prevented judgment as a matter of law in this case. As set forth in SPS's reply (Doc. 349), the interim rulings in the Foreclosure Case have no impact here. *See* Doc. 349, pp 3-4. SPS was not a party to the Foreclosure Case, SPS did not have a full and fair opportunity to litigate any of the issues in the Foreclosure Case, and there was no determination regarding any alleged conduct by SPS during the time it serviced Plaintiff's loan. The same is true with regard to the latest Decision in the Foreclosure Case.

After the trial, which took place on April 30, 2010, the State Court determined the current mortgage holder failed to present sufficient evidence at trial to demonstrate the Dolans were in default at the time the Foreclosure Case was instituted. The State Court also determined that the

Dolans presented sufficient evidence establishing that the Dolans were thwarted in efforts to remedy their default and reinstate the mortgage by predatory lending practices. As a result, the State Court invoked its equitable powers and directed the Dolans' mortgage to be reinstated in the principal amount of $220,000.00 at the current interest rate as determined by the note and mortgage (the mortgage was originally in the amount of $224,000), and otherwise cancelled the accrued interest. The Dolans were further directed to pay all outstanding real estate taxes and reimburse the mortgage holder for past real estate taxes.

## ARGUMENT

### Issues Determined In The Foreclosure Case Have No Effect Here Because Neither Collateral Estoppel Nor Res Judicata Applies

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity." *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 500 (1984). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (citations omitted); *see also Swiatkowski v. Citibank*, 745 F. Supp.2d 150, 168 (E.D.N.Y. 2010) (same). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247-48 (2d Cir. 1991) (citations omitted).

The doctrine of *res judicata* applies if: "(1) there has been a previous adjudication on the merits; (2) the previous action involved the party against whom *res judicata* is invoked or its

privy; and (3) the claims involved were or could have been raised in the previous action." *Swiatkowski v. Citibank*, 745 F. Supp.2d at 171 (citing *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150, 155 (2d Cir. 2005). To establish privity, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding." *Green v. Santa Fe Indus.*, 70 N.Y.2d 244, 253 (1987). Privity has also been found where a person controlled the conduct of the prior litigation in which he was interested such that the result is *res judicata* against him *Id.* at 254.

  Here, SPS was not a party to the Foreclosure Case nor was it in privity with any party. The issues determined in the Foreclosure Case involved claims and defenses as to the current mortgage holder, not SPS, a prior servicer. SPS was not involved in any way in the trial of the Foreclosure Case and SPS did not have any opportunity, let alone a full or fair opportunity, to litigate the issues decided in that action. Moreover, Dolan has not shown that any issue necessarily decided in the Foreclosure Case is decisive in the present action. The claims raised in this litigation were not raised, nor could they be raised in the Foreclosure Case. As a result, the final order in the Foreclosure Case has no evidentiary or preclusive effect with regard to SPS as to Plaintiff's claims in this action.

  The decision in the Foreclosure Case does highlight an important distinction between the two cases. The final order in the Foreclosure Case states that Dolan presented "well documented" evidence against the current mortgage holder establishing that the Dolans were thwarted in efforts to remedy their default and reinstate the mortgage by predatory lending practices. Here, in stark contrast, Dolan has presented <u>no</u> material evidence, disputed or not, to support his claims against SPS. Dolan is clearly capable of presenting supporting evidence, but he has failed to do so here.

## CONCLUSION

For the reasons set forth in detail in SPS's Motion for Summary Judgment and Reply Memorandum of Law, and for the reasons set forth above, SPS respectfully requests this Court disregard and otherwise not consider Plaintiff's Motion (Doc. 352), grant summary judgment in its favor, dismiss Plaintiff's claims against it with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
August 21, 2012

                                        Respectfully submitted,

                                        *s/ Riyaz G. Bhimani*
                                        Riyaz G. Bhimani [RGB 7438]
                                        Eckert Seamans Cherin & Mellott, LLC
                                        10 Bank Street, Suite 1061
                                        White Plains, New York 10606
                                        (914) 286-2806
                                        Fax: (914) 949-5424
                                        E-mail: rbhimani@eckertseamans.com

                                        Dorothy A. Davis
                                        Eckert Seamans Cherin & Mellott, LLC
                                        44th Floor, 600 Grant Street
                                        Pittsburgh, PA  15219
                                        (412) 566-6000
                                        Fax: (412) 566-6099
                                        E-mail: ddavis@eckertseamans.com

                                        *Attorneys for Select Portfolio Servicing, Inc., formerly known as Fairbanks Capital Corporation*