

**ECKERT SEAMANS**
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL    914 949 2909
FAX   914 949 5424
www.eckertseamans.com

Steven R. Kramer
Direct Dial: 914-949-2909
skramer@eckertseamans.com

July 12, 2013

**By ECF**
Hon. Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4F
Brooklyn, NY  11201

Re:    *Michael T. Dolan v. Fairbanks Capital Corp., et al.*
       Civil Action No. 03-3285 (PKC) (AKT)

Dear Judge Chen:

We represent defendant Select Portfolio Servicing, Inc., formerly known as Fairbanks Capital Corporation ("SPS").  Pursuant to Your Honor's Individual Rule 3.A, we request leave to move for summary judgment without a pre-motion conference.

SPS intends to move for summary judgment because plaintiff Michael Dolan's ("Mr. Dolan") remaining claims in this action are barred by *res judicata* as a result of a related State court ruling that was issued after SPS's previous summary judgment motion was fully briefed and filed.  As discussed in detail below, Mr. Dolan recovered any and all of the damages for the causes of actions stemming from the foreclosure of his property in that related State court proceeding.[1]

Prior to this Federal court action, a related State court foreclosure action was filed against Mr. Dolan, entitled *TMS Mortgage, Inc. v. Dolan*, Index No. 26575/2001, in the County of Suffolk (the "State Foreclosure Case").  In the State Foreclosure Case, Mr. Dolan asserted three counterclaims for violations of New York General Business Law, Breach of Good Faith and Fair Dealing and Misrepresentation.  On July 6, 2012, following a bench trial on the merits, the court entered a Final Judgment dismissing the State Foreclosure Case in its entirety with prejudice and granting Mr. Dolan's good faith and fair dealing and misrepresentation

---

[1] SPS's previous motion for summary judgment was granted in part and denied in part. Following this Court's decision on SPS' motion for summary judgment the remaining claims in this action against SPS include violations of the Real Estate Settlement and Procedures Act, New York General Business Law, breach of contract, negligence and breach of fiduciary duty.



counterclaims.   The State court denied Mr. Dolan's counterclaim for a violation of the New York General Business Law.[2]

The State court granted Mr. Dolan monetary and equitable relief stemming from the foreclosure. In particular, the State court granted Mr. Dolan:

> In fashioning a remedy for the wrongs done defendants herein, and taking into account the unique circumstances of this case, the Court finds, in its discretion, that equity demands that plaintiff be directed to reinstate the mortgage, the principal amount of which is determined to be $220,000.00 at the current rate of interest as determined in accordance with the provisions of the note and mortgage.

Having prevailed in the State Foreclosure Case, Mr. Dolan succeeded in having the principal amount of his mortgage re-set, the interest rate re-set and "all other claimed arrears and accrued interest and penalties … deemed cancelled." Mr. Dolan was compensated and made whole for any and all damages asserted in the State Foreclosure Case, or claims he could have asserted in the State Foreclosure Case.

Mr. Dolan's Federal court complaint mirrors his counterclaims in the now decided State Foreclosure Case.   For example, in support of his Counterclaims and Answer in the State Foreclosure Case Mr. Dolan alleged: "Plaintiff engaged in and subjected Defendants to predatory lending practices including but not limited to inappropriate charges, unauthorized charges, failure to credit payments, failure to apply contract interest rates, and unreasonable and oppressive overvailing forbearance agreements as determined by this Court by Honorable Morton I. Willen, JHO." Verified Answer, para. 21.

Upon the filing of this Federal Court Action, Mr. Dolan brought a second lawsuit on the same alleged pattern of misconduct and events that formed the basis of the State Foreclosure Case. The Federal Court Action does not raise any new causes of actions, or raise any new allegations

---

[2] SPS served its previous Motion for Summary Judgment in this case on May 20, 2011 ("First MSJ"), as permitted by the Court.   After the conclusion of discovery, Mr. Dolan served his opposition to the First MSJ on May 15, 2012, and SPS served its reply on June 11, 2012. Pursuant to the Court's briefing schedule, SPS filed the fully briefed First MSJ on June 11, 2012.   At that time, the State court had yet to enter its order in the State Foreclosure Action. The State Foreclosure Action order did not become final and non-appealable until October 11, 2012, four months after the First MSJ was fully briefed by the parties. Thus, SPS could not assert *res judicata* as a defense until there was a final non-appealable order in the State Foreclosure Action.



or causes of action that he previously raised, or could have raised, in the Foreclosure Case. For example, similar to the State Foreclosure Case, Mr. Dolan alleges here:

1.  SPS engaged in "unfair and/or deceptive acts and practices" in violation of state law in connection to the Forbearance Agreements and failure to properly credit payments to his account. (2d Am. Compl. para. 229);

2.  SPS violated RESPA by "failing to meet the [statutory] requirements ... regarding transfer of servicing and responding to qualified written requests" in violation of 112 U.S.C. s. 2605.  (2d Am. Compl. paras. 216 and 217); and

3.  SPS "assumed fiduciary duties with respect to monies it held in escrow for Plaintiff" and breached those fiduciary duties "by failing to make timely tax payments from escrowed funds," and "by failing to timely process or account for escrow funds."  (2d Am. Compl. paras. 287-289).

*Res judicata* bars the remaining claims in this  action now that the State court issued a final non-appealable order covering the facts and circumstances at issue.  No one can contest the allegations in this action arose from the same transaction and factual grouping as his claims in the State Foreclosure Case.  *Res judicata* applies when: (1) there has been a previous adjudication on the merits; (2) the previous action involved the party against whom *res judicata* is invoked or its privy; and (3) the claims involved were our could have been raised in the previous action.  See *Yeiser v. GMAC Mortgage Corp.,* 535 F. Supp.2d 413, 426 (S.D.N.Y. 2008) (finding that a servicer was in privity with the lender since even though the servicer was not a party to the foreclosure proceeding, its interests were adequately represented and protected).

Here, SPS meets all of the elements required for *res judicata.*  Thus, Mr. Dolan's remaining claims are barred.

Furthermore, having been made whole, Mr. Dolan no longer has any actual damages. Permitting SPS to move for summary judgment based on the final non appealable State Foreclosure Case order is appropriate.  SPS therefore respectfully requests leave to file its motion for summary judgment.

Respectfully submitted,

Steven R. Kramer [SK 2097]



Hon. Pamela K. Chen
July 12, 2013
Page 4

cc:  Michael T. Dolan (by ECF and Federal Express)
     *Plaintiff Pro Se*
     21 Kent Place
     Smithtown, New York 11787