**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MICHAEL T. DOLAN,

                          Plaintiff,

      - against -

FAIRBANKS CAPITAL CORPORATION, a
Utah corporation,

                          Defendant.
-----------------------------------------------------------X

**ORDER**

CV 03-3285 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On March 13, 2013 Judge Hurley, the District Judge previously assigned to this case, issued a Memorandum and Order which addressed motions for summary judgment filed by Defendant Fairbanks Capital Corporation ("FCC" or "Defendant") and the now terminated Defendant PMI. DE 355. In that Order, Judge Hurley ruled that Plaintiffs claims pursuant to Section 2605(b), (c), and (e) of RESPA and NYGBL § 349, as well as his state law claims for breach of contract, negligence, and breach of fiduciary duty could proceed to trial. *Id*. Thereafter, Judge Hurley appointed counsel for the limited purpose of representing Plaintiff at a settlement conference. DE 362. The conference, however, did not result in a settlement. DE 366.

On July 16, 2013, Defendant FCC wrote Judge Chen requesting leave to move for summary judgment a second time on *res judicata* grounds in light of a state court decision which was rendered after the original motion for summary judgment was fully briefed. DE 368. A pre-motion conference is scheduled for August 7, 2013 to discuss the contemplated motion. Plaintiff Dolan has requested the appointment of counsel. For the reasons set forth below, the application is GRANTED.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard. *See Brooks v. State of New York*, No. 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy *Hodge*'s required threshold showing of likely merit).

After considering the above-referenced *Hodge* factors and the circumstances of this case, the Court finds at this juncture that the Plaintiff's ability to defendant against a summary judgment on *res judicata* grounds would present involved legal challenges likely unfamiliar to the plaintiff here. Judge Hurley found that certain of plaintiff's claims should proceed to trial, thereby finding substance to those claims, the outcome of which should be determined by a jury. Defendant's pre-motion application presents an entirely new challenge to those findings.

Therefore, the appointment of counsel in the context of the specific circumstances of this case at this juncture is appropriate and such appointment will facilitate Plaintiff's ability to deal with the complexities of a motion based on *res judicata*, as well as full present full consideration of the Plaintiff's position.

Accordingly, Plaintiff's application for appointment of counsel is GRANTED. The Pro Se Office will implement the usual procedure to select an attorney from the Pro Bono Panel of the Eastern District of New York.

**SO ORDERED.**

Dated: Central Islip, New York
August 2, 2013

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge