UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL T. DOLAN,

       Plaintiff,

   - against -

SELECT PORTFOLIO SERVICING,

       Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
03-CV-3285 (PKC) (AKT)

PAMELA K. CHEN, United States District Judge:

  Defendant Select Portfolio Servicing ("Defendant" or "SPS") seeks partial reconsideration of the Court's June 22, 2016 summary judgment Memorandum & Order ("6/22/16 MSJ Order"), namely the Court's denial of summary judgment as to Plaintiff's breach of fiduciary duty claim premised on the theory of force-placed insurance. For the reasons stated below, Defendant's motion for reconsideration is DENIED.

*DISCUSSION*

I.  Legal Standard

  Local Civil Rule 6.3, under which Defendants have moved for reconsideration (*see* Def. Mot. (Dkt. 433-3) at 2), must be "strictly construed" so as to avoid "unnecessary relitigation." *See Pena-Rosario v. Reno*, No. 99-CV-4652, 2000 U.S. Dist. LEXIS 6333, at *2–4 (E.D.N.Y. May 11, 2000). The grounds for reconsideration are therefore limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted), and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

1

reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided," *id.*, because motions for reconsideration are not "vehicle[s] for . . . taking a second bite at the apple," *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.), *as amended* (2d Cir. 2012) (quotation marks omitted).

II.     Defendant's Motion

Defendant argues that, in light of representations made by Plaintiff at the oral argument held before the Court on June 27, 2016, Plaintiff's force-placed insurance theory is "now defined . . . [a]s SPS [having] imposed excessive force-placed insurance as part of the negotiation of the third forbearance agreement dated September 23, 2002,"[1] and that this theory cannot survive summary judgment because (1) the Court held in its 6/22/16 MSJ Order that SPS owed no fiduciary duty to Plaintiff as part of the negotiation of the Third Forbearance Agreement, and (2) the Third Forbearance Agreement did not impose force-placed insurance, but instead required Plaintiff to maintain his *own* insurance, just like the original mortgage. (Def. Mot. at 1.) The Court disagrees.

Defendant's motion ignores the distinction between SPS's negotiation of the Third Forbearance Agreement with Plaintiff—as to which the Court has ruled SPS owed Plaintiff no fiduciary duty—and SPS's alleged use of Plaintiff's escrow funds to pay excessive force-placed insurance premiums under the Third Forbearance Agreement, which *does* implicate SPS's fiduciary duty to Plaintiff. (6/22/16 MSJ Order (Dkt. 430) at 15–16.) Defendant's motion also incorrectly asserts that the Third Forbearance Agreement did not impose a force-placed insurance requirement on Plaintiff. While it is true that the Agreement requires Plaintiff, in the first instance,

---

[1] Defendant relies on various exchanges during the oral argument. (*See* 6/27/16 Oral Argument Tr. at 58:4–61:10, 62:7–25.)

2

to obtain his own insurance (Dkt. 433-2 ¶ 10), it also fully preserves the enforceability of the terms of the original mortgage (*id.* ¶ 11.b), which, in turn, provided that, if Plaintiff failed to maintain hazard or property insurance, SPS could "obtain insurance coverage to protect Lender's rights in the Property," and "do and pay for whatever [was] necessary to protect the value of the Property." (Dkt. 413-3 ¶¶ 5, 7.) In other words, regardless of whether the Third Forbearance Agreement itself imposed force-placed insurance, SPS retained the power to impose such insurance under that Agreement, and Plaintiff's contention is that SPS did so, and charged the premiums to Plaintiff's escrow account, allegedly breaching SPS's fiduciary duty to properly manage Plaintiff's escrow funds. That contention is reinforced by SPS's acknowledgment, in its third motion for summary judgment, that SPS "purchased a hazard insurance policy on [the Dolans' primary residence], the annual premium of which was charged to the Dolans' account." (Dkt. 413-19 at 3. *See also* Dkts. 413-9, 413-10, 413-11 (letters from SPS to Dolan dated May 4, 2001, November 23, 2001, and November 29, 2002, respectively, regarding SPS's acquisition from Balboa Insurance Company of hazard insurance on Plaintiff's property).) Furthermore, even if the force-placed insurance requirement was part of the parties' negotiation of the Third Forbearance Agreement, that does not negate the fiduciary duty owed by SPS thereafter to properly handle Plaintiff's escrow funds as it related to SPS's authority under the Agreement to pay for force-placed insurance.

Accordingly, because Defendant has failed to point to any matter "that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257, with respect to Defendant's summary judgment motion, the motion for reconsideration is denied.

*CONCLUSION*

For the reasons stated above, Defendant's motion for reconsideration of the Court's 6/22/16 MSJ Order is DENIED. Plaintiff shall be permitted to pursue at trial his claim that Defendant

3

breached its fiduciary duty by charging and paying for allegedly unnecessary and excessive premiums for force-placed insurance from Plaintiff's escrow account under the Third Forbearance Agreement.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 21, 2016
      Brooklyn, New York